Frank J. Kadi et al. *v.* Zoning Hearing Board of the Township of Lynn. Ontelaunee Rod and Gun Club, Appellant.

296

Submitted on briefs December 15, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Gerald M. Barr, Steckel & Stopp,* for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, April 7, 1983:

The Ontelaunee Rod and Gun Club (Club) appeals from an order of the Court of Common Pleas of Lehigh County which reversed the decision of the Zoning Hearing Board of Lynn Township (Board) which had granted the Club a special exception.

The Club, which was organized in 1937, owns 62 acres of land utilized for trapshooting and other out-

door recreational activities, including archery, fishing, hunting, picnics and family outings. It filed an application with the Board seeking a special exception permitting it to install outdoor illumination for two of its eight trap houses. This application was approved on September 19, 1979, by a vote of two to one. The appellees, who are the objectors[1] to the Club's application, then filed an appeal to the Court of Common Pleas of Lehigh County, alleging that the Board had been prejudiced inasmuch as one of its members was a member of the Club and had failed to disqualify himself from participating in the Board's hearing and adjudication. The court reversed and remanded the Board's order, and another hearing was subsequently held before a new Board. On March 2, 1981, this Board, by a three to zero vote, once again found in favor of the Club and granted the special exception. The objectors once more appealed to the court of common pleas, which found that the Board had abused its discretion by failing to find a nuisance in fact.

Where, as here, the trial court has taken no additional evidence, the scope of our review is determining whether or not the Board committed an abuse of discretion or an error of law.[2] *Waber v. Zoning Board of Adjustment*, 41 Pa. Commonwealth Ct. 565, 400 A.2d 893 (1979). And it is well-settled that, in re-

---

[1] The objectors are homeowners who reside in the vicinity of the Club, and who oppose the grant of permission to the Club to install outdoor illumination.

[2] As we recognized in *Copeechan Fish and Game Club v. Zoning Hearing Board of North Whitehall Township*, 32 Pa. Commonwealth Ct. 415, 417-18, 378 A.2d 1303, 1305 (1977), "the scope of our review is *not* whether in the first instance we would have reached a different determination. . . ." (Emphasis added.) In *Copeechan*, unlike the instant case, the Board found that the proposed special exception would "cause annoyance and discomfort to the neighbors

viewing the decisions of the Board, a court should not act as a super zoning board of adjustment and impose its own preference on local municipalities. *Eighteenth & Rittenhouse Associates v. Zoning Board of Adjustment,* 26 Pa. Commonwealth Ct. 554, 364 A.2d 973 (1976). In this case, however, it appears that the trial court has attempted to substitute its own findings and conclusions for those of the Board, contrary to the law. *See B & B Shoe Products Co. v. Zoning Hearing Board,* 28 Pa. Commonwealth Ct. 475, 368 A.2d 1332 (1977).

Among its 23 detailed and comprehensive findings of fact, the Board here found that the proposed use of lights for trapshooting and the noise generated by the additional shooting time will not cause additional annoyance or discomfort to the adjoining property owners.[3] This finding has ample support in the record,[4] especially when considered in the very limited context of the Board's order, which subjected the approval to the following conditions and limitations:

in the legitimate enjoyment of the reasonable use of their property", and concluded that it would adversely affect the health and safety of the community, and as such, constituted a nuisance. *Id.* at 421, 378 A.2d at 1306. The proposed special exception in *Copeechan* involved the construction of three additional trap houses, which would be considerably closer to the residential area than the *single* trap house which had existed since 1950.

In the case at hand, where the Board carefully considered all of the testimony presented, and found that the proposed special exception would not cause additional annoyance or discomfort to the adjoining property owners, it is not within our scope of factual review to determine whether we would have reached the same conclusion. *Copeechan.*

[3] The Board concluded that such use will not adversely affect the health and safety of the community, and does not constitute a nuisance.

[4] The testimony indicated and the Board found that the outdoor lighting will not shine directly upon any abutting properties nor upon the adjoining public street. Additionally, the use of lights

1. That the poles and lights will be constructed, used and maintained so that such lighting will not shine directly upon any abutting property or upon the public street.

2. That the use of lights for evening and night trap shooting [sic] shall be limited as follows:

(a) One night during the week which shall not extend beyond 10:00 P.M.;

(b) On a weekend, the lights for trap shooting [sic] shall be used only when there is a major shoot in a league gun club event and due to the malfunction of equipment in the course of the shoot when it is necessary to use lights in order to complete the competition, which in any event shall not extend beyond 8:00 P.M.[5]

One of the main concerns expressed by the objectors is their fear that the use of lights will permit the extension of trapshooting, which will be especially harmful in the summertime when many windows in the neighborhood are left open. The record indicates, however, that the extended sunlight during daylight saving time, even without the use of lights, enables shooting until approximately 9:00 P.M. The use of illumination, therefore, will increase the shooting time by approximately *one hour per week,* during the summer,[6] which we cannot agree would be a nuisance in

will not substantially increase the traffic to and from the club inasmuch as only two squads of five men will be able to utilize the trap houses when the lights are being used for shooting.

[5] The Board found that the league meet occur only three or four times a year, beginning at 8:00 A.M. and continuing through approximately 6:00 P.M.

[6] Inasmuch as the doors and windows would be closed in the wintertime, the objectors do not appear as concerned about the extended hours of shooting which would be available due to the use of lights, one night per week.

300

fact. Furthermore, it is evident from the Board's order that it specifically considered the fact that the proposed illumination will only affect two of the eight trap houses, and thus will allow a total of only 10 shooters to utilize the range at any one time while the lights are being used.

After a close review of the record, we believe that the Board did consider all of the evidence presented, and, we can find no abuse of discretion or error of law. We will, therefore, reverse the order of the trial court and reinstate the order of the Board granting the Club's request for a special exception, subject, of course, to the conditions imposed by the Board in its order.

ORDER

AND Now, this 7th day of April, 1983, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby reversed and the order of the Zoning Hearing Board of the Township of Lynn dated March 2, 1981 is hereby reinstated.