514 A.2d 974

Keystone Sportsmen Association of Lycoming County, Inc., Appellant *v.* The Zoning Hearing Board of Delaware Township and Dick Witmer, President, D.W. Landfill, Inc., Appellees.

Argued November 14, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Robert P. Wilkison,* with him, *John A. Carpenter, Carpenter, Diehl & Kivko,* for appellant.

*Robert E. Benion,* for appellee, Zoning Hearing Board of Delaware Township.

*Joseph P. Dougher, Dilworth, Paxson, Kalish & Kauffman,* for appellee, Dick Witmer, President of D. W. Landfill, Inc.

OPINION BY SENIOR JUDGE KALISH, September 8, 1986:

Keystone Sportsmen Association of Lycoming County, Inc. (Keystone) appeals from an order of the Court of Common Pleas of Northumberland County which dismissed its appeal and affirmed the decision of the Delaware Township Zoning Hearing Board (Board) which granted a variance to D.W. Landfill, Inc. from the setback requirements of section 427K(3) of the Delaware Township Zoning Ordinance (Ordinance). We reverse.

In 1972, Dick Witmer, who is President of D.W. Landfill, Inc., purchased a 130 to 140 acre tract of land in Delaware Township, which is divided by Township Road 655. He proposes to construct a landfill on the portion of the property located to the east of the Township Road. That portion of the property is approximate-

ly 2,757 feet in length and 629 feet in width. Witmer also owns the adjoining property to the south. Keystone owns the adjoining property to the east of the proposed landfill site. This area of Delaware Township is designated as an Agricultural Holding District. Under the Delaware Township Zoning Ordinance, a sanitary landfill is allowed as a conditional use in the Agricultural Holding District, subject to certain conditions. Section 427K(3) of the Ordinance requires a two hundred foot setback from any street or property line. The plans for the proposed landfill complied with this requirement on the north and south sides, but only allowed for a twenty-five foot setback on the eastern boundary, and a fifty foot setback on the western boundary.

D.W. Landfill applied for a variance from the two hundred foot setback requirement. Following a hearing, the Board granted a variance. Keystone appealed, and the trial court remanded the matter to the Board for a full and complete hearing. Again, the Board granted D.W. Landfill a variance from the setback requirement.

The Board found that because of the narrowness of the tract, it would be economically infeasible to operate a landfill with two hundred foot setbacks on all sides. The Board further found that D.W. Landfill did not create the narrowness of the tract of land, and that a reduction of the two hundred foot setback to fifty feet on the western side would not alter the character of the neighborhood, would not be detrimental to public welfare, and would not impair the use or development of adjacent property. Additionally, the Board found that a fifty foot setback on the western side of the site was the minimum variance which would afford relief. However, the Board determined that the twenty-five foot setback on the eastern side was not the minimum variance which would afford relief, because of the use of the adjoining property by Keystone. Thus, the Board granted D.W.

Landfill a variance from the setback requirement, allowing fifty foot setbacks from the eastern and western boundaries. The trial court, without taking additional evidence, affirmed.

Keystone contends that narrowness of a portion of property does not create an unnecessary hardship sufficient to justify the grant of a dimensional variance. Keystone further argues that the fact that one particular use may be economically difficult because of zoning requirements does not justify the grant of a variance. Thus, Keystone contends that the Board erred in granting the variance. We agree.

Our scope of review in a zoning case where the trial court has not taken additional evidence is to determine whether the Board committed an error of law or an abuse of discretion. *Allegheny West Civic Council v. Zoning Board of Adjustment of the City of Pittsburgh,* 80 Pa. Commonwealth Ct. 79, 471 A.2d 128 (1984).

In order to establish entitlement to a variance, a landowner has the burden of proving that the effect of the zoning ordinance is to burden the property with an unnecessary hardship unique to the property, that the grant of the variance will have no adverse impact on the public health, safety and welfare, that the hardship is not self-inflicted, and that the variance sought is the minimum variance that will afford relief. Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912; *Vagnoni v. Zoning Hearing Board of Exeter Township,* 74 Pa. Commonwealth Ct. 431, 459 A.2d 1361 (1983).

Unnecessary hardship necessary to support the granting of a variance requires that the physical features of a property are such that the property cannot be used for *any* permitted purpose, or for a permitted purpose only at prohibitive expense. *Klanke v. Zoning Board of Adjustment of the City of Pittsburgh,* 83 Pa. Common-

wealth Ct. 441, 477 A.2d 907 (1984). Moreover, to demonstrate unnecessary hardship, it must be shown that if a variance is not granted, then the property will be rendered almost valueless. *Rushford v. Zoning Board of Adjustment of the City of Pittsburgh*, 81 Pa. Commonwealth Ct. 274, 473 A.2d 719 (1984).

Here, the record shows that without a variance, it would be economically infeasible to use the property as a landfill. However, there is no evidence in the record that the property cannot be used for any of the other uses allowed in the Agricultural Holding District. Moreover, there is no indication that without a variance the property will be rendered almost valueless. The narrowness of the property does not constitute an unnecessary hardship. Therefore, D.W. Landfill did not meet its burden of proof, and the Board erred in granting the variance.

Accordingly, the order of the trial court is reversed, and the case is remanded with the instruction that the trial court direct the Board to deny D.W. Landfill's application for a variance.

### ORDER

Now, September 8, 1986, the order of the Court of Common Pleas of Northumberland County, No. CV-83-1439, dated November 19, 1984, is reversed, and the case is remanded with the instruction that the application of D.W. Landfill, Inc. for a variance be denied.

Jurisdiction relinquished.

Judge PALLADINO dissents.