533 A.2d 497

John Spencer, Appellant *v.* Zoning Hearing Board of Rockland Township, Appellee.

Argued September 15, 1987, before Judges CRAIG and MACPHAIL, and Senior Judge NARICK, sitting as a panel of three.

*Francis F. Seidel, III,* for appellant.

*Alfred W. Crump, Jr., Ward and Crump,* for appellee.

OPINION BY JUDGE MACPHAIL, November 13, 1987:

John Spencer (Appellant) appeals an order of the Court of Common Pleas of Berks County which dismissed his appeal and affirmed the order of the Zoning Hearing Board of Rockland Township (Board) denying

Appellant's application for a variance from Sections 502 and 1223 of the Rockland Township Zoning Ordinance (Zoning Ordinance). We affirm.

Appellant leases an eleven acre tract of land from his father and he has applied for a zoning variance to permit him to maintain two mobile homes, permanently affixed to concrete foundations, on the property. The property is zoned R-2 Rural Residential and as such, permits, *inter alia*, single-family detached dwelling, provided the dwelling is "upon a lot with frontage upon a public street improved to meet the Township's standards, or upon a lot with a fifty (50) foot, fee simple, access extending from an existing public street."[1] Section 502 requires certain lot size, lot width and setback restrictions which are not at issue here. Appellant's property neither fronts upon an existing township road nor does it possess a fifty foot, fee simple, access extending from an existing public street.

Since approximately 1965, there has existed on the property one mobile home which was originally placed on the property by Appellant's father, and which the Board concedes is a valid pre-existing non-conforming use. At issue here is a second mobile home which, as found by the Board, was placed on the property sometime after 1965, was removed from the property in 1969 for a period of three years and was replaced by another mobile home shortly before 1984.[2] Shortly after this second mobile home was placed on the property in

---

[1] Original Record (O.R.) Zoning Ordinance of Rockland Township, Section 1223.1

[2] Although it is not entirely clear from the record, it appears that the second mobile home which was placed on the property sometime after 1965 was a travel trailer, that it was removed from the property in 1969 for a period of three years and then was placed back on the property until 1984, at which time it was replaced with a mobile home permanently affixed to a concrete foundation.

1984, Appellant was notified by the Township Supervisors that it had to be removed since his property did not possess the required frontage on an existing township road nor did it have a fifty foot, fee simple access extending from an existing township road.[3] The only access to Appellant's property is by way of a twenty foot lane which extends from an existing township road over an adjoining landowner's property which Appellant contends is a prescriptive easement.

Following two hearings, the Board denied Appellant's application for a variance. On appeal, the Court of Common Pleas dismissed Appellant's appeal and affirmed the Board's order.

Our scope of review in a case such as this where the court of common pleas has taken no additional evidence is to determine whether the Board abused its discretion, committed an error of law or made necessary factual findings not supported by substantial evidence. *Appeal of Heller*, 101 Pa. Commonwealth Ct. 564, 516 A.2d 859 (1986).

Appellant first argues that he is entitled to a zoning variance because the second mobile home was placed on the property prior to the enactment of the zoning ordinance and is therefore a pre-existing non-conforming use. This argument is without merit.

The Board found that "[t]here is no prior non-conforming use for two residential units; and even if

---

[3] We note that the record indicates that Appellant obtained a building permit sometime around February, 1984, apparently based on the Township Zoning Officer's mistaken belief that the permit was to allow Appellant to replace the first mobile home with a new unit. Appellant, however, pursuant to the building permit, replaced the second mobile home. In August, 1984, the Township Zoning Officer noticed that the two mobile homes were on the property and Appellant was directed to remove one of them.

We note that Appellant has raised no arguments before this Court based on the erroneously issued building permit.

there were, the non-conforming use for the second unit was abandoned and may not be resumed."[4] Our review of the record in this case reveals that the testimony was vague and contradictory with respect to the date on which the second mobile home was placed on the property, and the date the Zoning Ordinance became effective. We find it unnecessary, however, to delve further into this issue since we find substantial support in the record for the Board's finding that the second mobile home was removed from the property in 1969 for a period of three years and accordingly we agree with the Board's conclusion that even if the second mobile home was a pre-existing non-conforming use, it was abandoned and may not be resumed.

Section 1209.6 of the Zoning Ordinance provides in part that when a non-conforming use is discontinued, it may be resumed at any time within twelve months of the discontinuance but not thereafter. It is the party asserting that a non-conforming use has been abandoned who bears the burden of proving that the landowner or occupier both intended to abandon the use and that the use was actually abandoned. *California Car Wash of Allentown, Inc. v. Zoning Hearing Board of Whitehall Township,* 98 Pa. Commonwealth Ct. 209, 510 A.2d 931 (1986).

We have held that a presumption of an intention to abandon a non-conforming use is created where it is shown that a non-conforming use was discontinued for a period of time in excess of that provided in the applicable Zoning Ordinance provided no contrary evidence is presented. *Rayel v. Bridgeton Township Zoning Hearing Board,* 98 Pa. Commonwealth Ct. 455, 511 A.2d 933 (1986). It must also be shown, however, that the non-conforming use was actually abandoned, *i.e.,* that

---

[4] O.R., Report of Zoning Hearing Board, page 7.

the abandonment was not caused by circumstances beyond the landowners' or occupiers' control and that it was not a mere temporary discontinuance of the use. *California Car Wash; Rayel.*

In the present case, the testimony is undisputed that the second mobile home was removed from the property in 1968 or 1969 for a period of three years. Further, we agree with the Board that other evidence in the record supports, rather than rebuts, the presumption that Appellant intended to abandon the use. That evidence was that there were no written leases for two mobile homes, there were no defined territorial lot lines and the two mobile homes used the same sewer and water facilities. Accordingly, we are satisfied that Appellant's intention to abandon the use was established pursuant to Section 1209.6 of the Zoning Ordinance. In addition, our review of the record discloses no testimony which would indicate that the removal of the mobile home was merely a temporary discontinuance of the use or that it was caused by circumstances or pressures beyond Appellant's control. We are therefore satisfied that Appellant's actual abandonment of the use has also been established.

Accordingly, we believe the Board was correct in concluding that if a non-conforming use for a second mobile home existed, it was legally abandoned and may not be resumed.

Appellant next argues that he is entitled to a zoning variance because the boundaries of his property do not provide the required frontage on a township road or the required fifty-foot access to a township road and he, therefore, suffers unnecessary hardship.

We have stated that "[u]nnecessary hardship necessary to support the granting of a variance requires that the physical features of a property are such that the property cannot be used for *any* permitted purpose, or

for a permitted purpose only at prohibitive expense. . . . Moreover, to demonstrate unnecessary hardship, it must be shown that if a variance is not granted, then the property will be rendered almost valueless." *Keystone Sportsmen Ass'n of Lycoming County v. Zoning Hearing Board of Delaware Township,* 100 Pa. Commonwealth Ct. 384, 387-88, 514 A.2d 974, 975 (1986) (citations omitted) (emphasis in original).

In the present case, the record contains no evidence that the property could not be used for some other permitted purpose or that it would be rendered almost valueless without the variance.[5] Appellant has therefore not established an unnecessary hardship. *Id.*

Appellant contends next that he is now entitled to a "formalized" subdivision absent the requirements of Sections 502 and 1223 of the Zoning Ordinance because testimony in the record indicates that his property was divided and leased to two separate tenants prior to the enactment of the zoning ordinance and even if one mobile home was removed from the property in 1969 for three years, the property still remained divided. We find this argument to be without merit.

The Board specifically found "[t]here are no written leases to indicate that the 11-acre tract was previously subdivided into two tracts so as to be non-conforming uses. The only evidence was by way of vague statements to the effect that there were oral leases letting the two occupants of the two mobile homes each use half of the 11-acre tract."[6] Our review of the record reveals that although Appellant and his father testified that the land had been divided before the enactment of the zoning

---

[5] We note that farming is a permitted use in an R-2 Rural Residential area and the Board found that some portion of Appellant's property is tillable and was used for farming at one time.

[6] O.R. Report of Zoning Hearing Board, page 2.

ordinance, there is also substantial evidence which supports the Board's findings that the land was not previously subdivided. It is the Board's sole responsibility to evaluate witness credibility and resolve conflicts in the testimony as it did in this case. *Lower Allen Citizens Action Group, Inc. v. Lower Allen Zoning Hearing Board,* 93 Pa. Commonwealth Ct. 96, 500 A.2d 1253 (1985). Having found substantial evidence which supports the Board's findings, we are bound by them. *Id.*

Appellant's final argument is that should this Court conclude that Appellant is attempting to expand a non-conforming use that he has established the elements necessary to be permitted such expansion.

Our review of the record discloses that the issue of an expansion of a non-conforming use was not raised before the Board, nor was it raised before the court of common pleas. Accordingly, that issue has been waived. *See* Pa. R.A.P. 302(a).

Finding no merit to any of Appellant's contentions, we affirm the order of the Court of Common Pleas of Berks County.

ORDER

The order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby affirmed.