626 A.2d 510

**Claudia HILL and Raymond Roberts and Other Interested Landowners, Appellants**

v.

**ZONING HEARING BOARD OF CHESTNUTHILL TOWNSHIP and West End Mining & Processing Co., Inc., Appellees,**

**West End Mining & Processing Co., Inc., Intervenor.**

Supreme Court of Pennsylvania.

Argued April 7, 1993.

Decided May 27, 1993.

William S. Huganir, Lenard L. Wolffe, Paoli, for W. End Min.

John Molnar, Bangor, John R. Hill, Wilkes–Barre, for C. Hill, et al.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The present appeal and cross-appeal are taken, by allowance, from an order of the Commonwealth Court which affirmed in part and reversed in part an order of the Court of Common Pleas of Monroe County which affirmed a decision of the *Zoning Hearing Board of Chestnuthill Township (Board)*, 144 Pa.Cmwlth. 644, 601 A.2d 1362. The Board's decision granted West End Mining and Processing Co., Inc. (WEMP-CO) a certificate of non-conforming use.

At issue is whether land uses initiated by WEMPCO before the adoption of a zoning ordinance in Chestnuthill Township can be challenged by neighboring landowners on the basis that such uses conflicted with the pending ordinance. The factual background of the case is as follows.

On March 17, 1988, Chestnuthill Township published a newspaper advertisement announcing that a public hearing would be held to consider a draft of the township's first zoning ordinance. Copies of the proposed ordinance were made available for public inspection. The advertised public hearing was held on April 7, 1988. Additional public hearings were publicized and held in July and October of 1988. At these hearings the township supervisors stated that the zoning ordinance would not affect uses established prior to enactment of the ordinance. They repeatedly stated that the ordinance would not affect uses established during the period when adoption of the ordinance was pending.

On April 6, 1988, WEMPCO purchased a tract of land in the township. The land was in an area that, under the proposed zoning ordinance, was to be designated as residential. The land had been used by its previous owner for mining opera-

tions. It was undergoing reclamation when it was purchased by WEMPCO. At the end of October, 1988, the Department of Environmental Resources granted WEMPCO a permit to conduct small non-coal surface mining operations. On November 2, 1988, WEMPCO commenced mining operations. Towards the end of December, 1988, WEMPCO also set up a wood chipping facility on the land. This facility collected unusable wood products such as tree stumps and ground them into mulch. By January 3, 1989, the wood chipping facility was in full operation.

On January 12, 1989, Chestnuthill Township enacted its first zoning ordinance. The ordinance, effective January 17, 1989, classified the land owned by WEMPCO as residential.

On June 27, 1989, the township issued a certificate of nonconforming use permitting WEMPCO to use its land for mining and wood chipping operations, to wit, for "mineral extraction and processing, millwork and other wood processing." Various landowners in the township, appellants herein, objected to issuance of the certificate. They filed an appeal with the Board, arguing that the township should have denied the certificate on the basis of the "pending ordinance doctrine." Under that judicially created doctrine, a use established on land after the date when a municipality has publicly declared its intent to consider a particular zoning scheme may be denied the status of legal nonconforming use after enactment of the zoning ordinance. See *Casey v. Zoning Hearing Board*, 459 Pa. 219, 225–26, 328 A.2d 464, 466–67 (1974); *Boron Oil Co. v. Kimple*, 445 Pa. 327, 284 A.2d 744 (1971).

The Board held that the certificate issued to WEMPCO was not subject to challenge by the appellant landowners under the pending ordinance doctrine, reasoning that application of the doctrine was entirely within the discretion of the township supervisors. Inasmuch as the supervisors chose not to apply the doctrine after passage of the instant ordinance, uses established before or after the ordinance was pending but prior to its enactment were deemed to be legal nonconforming

uses. Accordingly, WEMPCO's mining and wood chipping operations were held to be valid nonconforming uses.

An appeal was taken to the Court of Common Pleas of Monroe County, and the Board's decision was affirmed. An appeal to the Commonwealth Court ensued. The Commonwealth Court held that the pending ordinance doctrine could be invoked by the appellant landowners. It affirmed the Board's decision granting a certificate of nonconforming use for mining activities, reasoning that mining activities were already being conducted when the ordinance was first proposed, but reversed the decision granting a certificate for wood chipping operations, inasmuch as the latter operations commenced at a later time, i.e., just two or three weeks before the ordinance was enacted.

We believe the Commonwealth Court erred in allowing neighboring landowners to utilize the pending ordinance doctrine. The Board properly held that landowners cannot utilize the doctrine where the township supervisors have decided not to apply it.

As stated in *Honey Brook Township v. Alenovitz*, 430 Pa. 614, 623, 243 A.2d 330, 334 (1968),

[T]he cases are clear that a municipality *may* properly refuse a ... permit for a land use repugnant to a pending and later lawfully enacted zoning ordinance even though the application for the permit is made when the intended use conforms to existing regulations....

(Emphasis added). Accord *Casey v. Zoning Hearing Board*, supra; *Boron Oil Co. v. Kimple*, supra. Clearly, a municipality *may* refuse under the pending ordinance doctrine to issue a permit for a given land use. The municipality is not *required*, however, to refuse such a permit. Application of the doctrine rests upon a policy decision to be made by the municipality, not the individual landowners.

The supervisors in Chestnuthill Township publicly assured landowners that the pending ordinance doctrine would not be invoked, thereby encouraging them to proceed with development without fear that uses established before enact-

ment of the ordinance would be affected. The decision as to when a zoning ordinance will take effect is a legislative one and is properly within the discretion of the township supervisors. Here the supervisors, acting in their legislative capacity, made a conscious decision not to apply the pending ordinance doctrine. Allowing landowners to invoke the doctrine would render the decision of the supervisors meaningless. It would also result in an arbitrary and inconsistent application of the doctrine, since many uses established during the pendency of the zoning ordinance would be permitted to continue while others, such as the WEMPCO operations, might be brought to a halt.

In short, the decision of the Commonwealth Court allowing landowners to invoke the pending ordinance doctrine was in error. Accordingly, to the extent that the order of that court approved the WEMPCO mining operation, the order must be affirmed, but insofar as the order disallowed the wood chipping operation, it must be reversed.

Order affirmed in part and reversed in part.

MONTEMURO, J., did not participate in the consideration or decision of this case.