**Robert L. LAUGHMAN, Appellant**

**v.**

**ZONING HEARING BOARD OF NEWBERRY TOWNSHIP, Carl E. Hughes and Kathy L. Hughes, husband and wife and Newberry Township.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2008.

Decided Oct. 9, 2008.

Publication Ordered Jan. 5, 2009.

our Supreme Court, we are bound by its holding.

Joseph A. Kalasnik, Hanover, for appellant.

Eric L. Suter, York, for appellee, Newberry Township.

Ronald M. Lucas, Harrisburg, for appellees, Carl E. Hughes and Kathy L. Hughes.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Robert L. Laughman (Laughman) appeals the decision of the Court of Common Pleas of York County (trial court) affirming the decision of the Zoning Hearing Board of Newberry Township (Zoning Board) finding that he did not have standing to bring a substantive validity challenge to the Newberry Township Zoning Ordinance (Ordinance) and Zoning Map Amendment (Amendment) creating a Rural Commercial Overlay (RCO) district.

On July 25, 2006, the township's Ordinance and Zoning Map (Map) were

amended to establish an RCO district.[1] In September 2006, Laughman filed an application with the Zoning Board requesting a hearing to challenge the validity of the Amendment. Laughman contended that the Amendment to the Ordinance and Map violated the United States and Pennsylvania Constitutions because the Amendment was unreasonable, arbitrary and/or not substantially related to police powers; the designation of the subject RCO district was "spot zoning;" and a conflict of interest existed because a member of the Board of Supervisors would have financially benefited from the amendments. Before testimony was taken, Carl E. Hughes and Kathy L. Hughes (Intervenors), who owned property in the RCO district, filed a motion to dismiss Laughman's appeal, which the township joined. They contended that Laughman lacked standing to appeal the rezoning because he was not an "aggrieved person" within the meaning of Section 913.3 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10913.3.[2] The hearing was continued to a later date and evidence was taken solely on the issue of whether Laughman had standing to maintain his claim.

Laughman testified that he was the owner and resident of a property at 1827 York Road, Dover, Newberry Township, approximately 8/10 of a mile away from the proposed RCO district. Besides his personal residence, he testified that he also owned four other residential rental properties and a commercial property in Newberry Township. The commercial property was a mini-storage warehouse property located within two miles of the proposed RCO district, and his residential properties were about 8/10 of a mile to a mile away from the RCO district.

Laughman testified that due to the Amendment in question, the Susquehanna Speedway (Speedway) began operating a flea market which increased traffic along York Road where his residential properties were located, and that traffic would further increase when another flea market on Intervenors' property opened. However, he admitted that he had not received complaints from his tenants about the increased traffic, and that they had not reported any problems in entering or leaving their driveways. Laughman also admitted on cross-examination that the increased traffic would not adversely affect his commercial business, and he had not experi-

---

1. According to Section 401.1 of the Ordinance, the purpose of the RCO district is: [S]imilar to the Rural Industrial Zoning District in that it is an area for light commercial uses that does not require large volumes of water, nor generate large volumes of sewage ... [g]enerally uses in this overlay district sustain a distinctly low impact character that differs from the other high traffic generating commercial classifications.
Under Section 401.2 of the Ordinance, pertaining to Permitted Uses:
All legally established uses allowed in the Rural Resource Zoning District, whether by right, by special exception or by conditional use shall be permitted to be legally established as uses by right, by special exception

or by conditional use subject to provisions stated in Section 302 of this Ordinance, so as not to create nonconformities.
Permitted uses include flea markets, indoor commercial recreation facilities, mini-warehouses, public uses, outdoor commercial recreation facilities, racetracks and speedways, repair shops, sign makers and welding shops, and uses customarily incidental to these uses are permitted as accessory uses. *See* Section 401.2(A)—(B).

2. Section 913.3 of the MPC provides that "appeals ... may be filed with the board in writing by the landowner affected, any officer or agency of the municipality, or any **person aggrieved**." (Emphasis added.)

enced any adverse effects at the time of the hearing.

Agreeing with Intervenors and the township, the Zoning Board dismissed the appeal, finding that Laughman lacked standing because he was not an "aggrieved person" within the meaning of Section 913.3 of the MPC as he had not shown a sufficient, direct, substantial or immediate harm or adverse affect upon his interests. Laughman appealed to the trial court, which affirmed, and this appeal followed.[3]

On appeal, Laughman contends that he did present evidence to prove that he was aggrieved because he established that he lived in close proximity to the rezoned property and all he needed to show was some "substantial interest"—a discernible adverse effect on some concrete interest, and the interest did not need to be pecuniary to be substantial.

Generally, in order to establish standing as an "aggrieved person," it must be shown that the person has a substantial, direct *and* immediate interest in the claim sought to be litigated. A substantial interest is one in which there is some discernible adverse effect to some interest other than an abstract interest all citizens have, and a direct interest requires a showing that the matter complained of causes harm to the party's interest, though not necessarily a pecuniary interest. Immediacy requires that the interest is something more than a "remote" consequence and centers on a causal nexus between the action complained of and the injury to the party challenging it. *See Pittsburgh Trust*

*for Cultural Resources v. Zoning Board of Adjustment for the City of Pittsburgh,* 145 Pa.Cmwlth. 503, 604 A.2d 298 (1992). For a party to be "aggrieved," the interest of the party who will be affected by the alleged illegal law must be distinguishable from the interests shared by all citizens. *Office of Attorney General, ex. rel. Corbett v. Richmond Township,* 917 A.2d 397 (Pa. Cmwlth.2007).

However, in *Seeherman v. Wilkes–Barre City Zoning Hearing Board,* 42 Pa. Cmwlth. 175, 400 A.2d 1334 (1979), and reaffirmed in *Miller v. Upper Allen Township Hearing Board,* 112 Pa.Cmwlth. 274, 535 A.2d 1195 (1987), and, again, in *Appeal of Hoover,* 147 Pa.Cmwlth. 475, 608 A.2d 607 (1992), this Court held that a property owner need not establish pecuniary or financial loss if his property is located in close proximity to the subject property because the zoning decision is presumed to have an effect on the property owner's property. The question here is whether Laughman's property is in close proximity to the challenged RCO zoning district.

Obviously, property that is adjacent to or abuts the zoning area in question is in close proximity for standing purposes. *See e.g. Hill v. Zoning Hearing Board of Chestnuthill Township,* 144 Pa. Cmwlth. 644, 601 A.2d 1362 (1992). We have also held that the owner of property that is within 400 to 600 feet of the challenged zoning district is also within close proximity and has standing. *See Appeal of Hoover,* 147 Pa.Cmwlth. 475, 608 A.2d 607 (1992). However, the owners of prop-

---

**3.** Where no additional evidence is taken by the trial court, our scope and standard of review is limited to determining whether the trial court and the zoning hearing board abused its discretion or erred as a matter of law. An abuse of discretion may be found only if the findings are not supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Constantino v. Zoning Hearing Board of Forest Hills,* 152 Pa.Cmwlth. 258, 618 A.2d 1193 (1992) *and Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

erty one-half mile and one mile or more away from the challenged zoning area have been deemed to not be in close proximity in order to confer standing on those challenging a change to the zoning ordinance or map. *Appeal of Farmland Industries, Inc.,* 109 Pa.Cmwlth. 304, 531 A.2d 79 (1987); *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Hearing Board of Adjustment of the City of Philadelphia,* 951 A.2d 398 (Pa.Cmwlth.2008).

In this case, Laughman's commercial properties are located two miles from the RCO district, his personal residence is almost a full mile from the RCO district, and his rental residential properties are 8/10 of a mile from the RCO district. Because these properties are not in close proximity to the subject property, without a showing of some sort of direct injury, he lacks standing to challenge the Amendment.

The only "direct injury" that he alleges is that there was an increase in traffic on Sundays on the road passing his rental properties, but Laughman acknowledged that he did not receive any complaints from his tenants. Moreover, other than the increase in traffic, he did not offer any testimony that the increase in traffic, from present or future development in the challenged RCO district, would have a detrimental effect on any of his properties. Any concern that the increase in traffic might lead to accidents is merely a concern of "remote consequences" and is not direct because all citizens share concerns regarding traffic and safety. None of these "interests" are sufficiently substantial, direct or immediate to render Laughman aggrieved by the Amendment.

Because Laughman failed to make out that he was an "aggrieved person" within the meaning of Section 913.3 of the MPC, the Board properly found that he lacked standing to challenge the Ordinance and Amendment creating a Rural Commercial Overlay district. Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 9th day of October, 2008, the December 21, 2007 order of the Court of Common Pleas of York County is affirmed.