**Borough of Moosic v. Zoning Hearing Board
of the Borough of Moosic**

C P. of Lackawanna County, no. 08 CV 6658.

*John J. Brazil*, for plaintiff.
*W. Boyd Hughes*, for defendant.

MINORA, *J.*, March 4, 2010—

## I. INTRODUCTION

Before the court is a matter which began as a complaint in equity for injunctive relief against the defendant Guiseppe Basile but has now become a zoning appeal. We will explain.

On September 30, 2008, plaintiff, Borough of Moosic (Moosic) filed a complaint against the defendant, Guiseppe Basile (appellant or Basile) seeking injunctive

relief, inter alia, preventing the defendant from continuing work on the addition to his building, *i.e.* the roof over the 20'x40' patio at a business known as Grande Family Restaurant or Grande Pizza until he received land development approvals from the Moosic Planning Commission. The complaint was not served upon Basile until October 31, 2008. On November 20, 2008, Basile filed his answer and new matter setting forth that the placing of a roof over the 20'x40' patio set forth on the plans approved by Moosic on April 14, 2008 did not require land development approval by the planning commission. Moosic filed its response to defendant's new matter on December 3, 2008.

On October 23, 2008, Moosic filed a petition and rule to show cause why a preliminary injunction should not issue, stating that the patio, without the roof, did not require land development approval but since a roof was being installed over the patio with one side being open, land development was required and requested the court to issue a preliminary injunction. On November 14, 2008, Basile filed his reply to the petition and rule denying that land development approval was required to put a roof over the patio and three walls and the open wall with pedestals and columns as set forth on the plans approved by Moosic on April 14, 2008 and building permit 08-10 that was issued to Basile on April 18, 2008 for the renovation of the restaurant and construction of the patio. A hearing was scheduled on Moosic's petition on December 18, 2008 before the Honorable Carmen D. Minora which resulted in the parties entering into a stipulation on the record that Basile would submit a building permit application to construct the roof over the patio which

would be a nunc pro tunc appeal and go through the appeal process to the Moosic Zoning Hearing Board and if not approved, the defendant would appeal the decision of the zoning hearing board to the above-captioned term and number.

Immediately after the hearing, on December 18, 2008, Gaetano Serpico R.A. placed his professional seal upon the roof plans and Silvio Vitiello, president of Reflection Builders went to the Moosic Borough Building. Mr. Durkin, the zoning officer, was not present and Mr. Vitiello received a building permit application from the secretary, handwrote the application and returned the application and roof plans for the roof consisting of three pages to the secretary for delivery to Mr. Durkin. On December 30, 2008, Building Inspectors Underwriters (BIU) approved the plans for the construction of the roof consisting of three pages. On January 13, 2009, Matt Basile, son of appellant, went to the borough building, met with Mr. Durkin who completed a building permit application for the roof, had Matt Basile sign it and denied the application for the reason "Does not meet land development requirements."

On January 28, 2009, Basile filed an appeal and application to the Moosic Zoning Hearing Board of the zoning officer's denial of the permit to erect a roof over the patio. Hearings were held on April 21, 2009 and May 20, 2009. On June 11, 2009, the Moosic Borough Zoning Hearing Board denied defendant's zoning appeal.

On July 8, 2009, Basile filed his notice of building permit denial appeal to the above-captioned term and number as appellant, with the Zoning Hearing Board of

the Borough of Moosic being named plaintiff/appellee and the Borough of Moosic remaining as plaintiff. On July 16, 2009, the plaintiff, Borough of Moosic, filed a petition to intervene.

The court received evidence and entertained oral argument on October 21, 2009 and allowed the parties time to file proposed findings of facts and conclusions of law or briefs. A certified record of the zoning hearing board is also part of the court record as well. As this matter has been adequately briefed and argued, it is now ripe for decision.

## II. THE CORE ISSUE

The core issue in this case is whether or not the Moosic Zoning Hearing Board's decision of June 11, 2009 affirming the zoning officer's denial of Mr. Basile's building permit to construct a roof over a pre-existing patio on the basis that such a project would require approval under the Moosic Borough's Subdivision and Land Development Ordinance (SALDO) constituted a manifest abuse of discretion and/or was the result of an error of law and/or was unsupported by substantial evidence of record.

## III. DISCUSSION

### A. *The Standards for a Court's Review of the Decision of a Zoning Hearing Board*

It is well established and recently reiterated by our Supreme Court, that where a trial court takes no additional evidence, appellate review of the decision of a

zoning hearing board is limited to determining whether the board abused its discretion or committed legal error. *Township of Exeter v. Zoning Hearing Board of Exeter Township*, 599 Pa. 568, 578, 962 A.2d 653, 659 (2009).

"An abuse of discretion occurs when the board's findings are not supported by substantial evidence in the record. Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support the conclusion reached." *Township of Exeter v. Zoning Hearing Board of Exeter Township, supra.* (internal citations omitted) See also, *Laughman v. Zoning Hearing Board of Newberry Township*, 964 A.2d 19 (Pa. Commw. 2009).

B. *The Zoning Hearing Board's Decision That the Roof/Patio Project in Question Requires Approval Under the Moosic Borough's Subdivision and Land Development Ordinance (SALDO)*

With those reviewing principles in mind, we now turn to the specific issues in the case at hand.

We first note that the appellant relies heavily on the case of *Upper Southampton Township v. Upper Southampton Township Zoning Hearing Board*, 594 Pa. 58, 934 A.2d 1162 (2007) in advancing his position that the roof/patio project in question in this case does not require approval under the Moosic Borough's Subdivision and Land Development Ordinance (SALDO).

However, his reliance on this case is misplaced. The *Upper Southampton* case dealt merely with the construction of billboards and not the type of extensive development that impacts the community in terms of water

run-off, use of sewer capacity, traffic ingress and egress and parking concerns all of which exist in the case before us.

Specifically, the *Upper Southampton* court recognized the types of development which would trigger the land use development ordinance prerequisites are those that impact the legitimate governmental concerns affecting the general public such as sanitary sewer, water, storm water management, parking areas, driveways, roadways, curbs and sidewalks. The *Upper Southampton* court simply stated that "[t]he construction of a billboard simply does not give rise to any of those concerns." See *Upper Southampton Township v. Upper Southampton Township Zoning Hearing Board*, 594 Pa. 58, 64, 934 A.2d 1162, 1169 (2007).

Certainly, if our Supreme Court would analyze our factually different case applying those same concerns set forth in *Upper Southampton*, they would most probably recognize the presence of a significantly greater impact on the Moosic Borough in terms of water run-off, sewer usage, roadways, parking etc. than were at play in the mere construction of a billboard.

In our case the facts show the substantial expansion of a restaurant with the capacity to seat 30 to 40 additional customers.

The record shows that Mr. Serpico (appellant's architect) indicates that the increased use of the outside area in question would seat 30 to 40 additional customers (record exhibit 29, p. 82) and its use would certainly be more enhanced with its roof and lighting. (Record exhibit 29, p. 82.) Most importantly, he testified this use could possibly require additional sewer modules. *Id.*

Mr. Thomas Shepstone also testified for the appellant as a purported professional planner. He admitted that the additional work clearly enhances the restaurant and increases the value of the restaurant and is an improvement in the generic sense. (Record exhibit 29, p. 115.) It was an outdoor extension of the indoor dining area. (Record exhibit 29, p. 126.)

Mr. Shepstone further confirmed that this outdoor dining area would increase the sewer use and the fact it abutted Birney Avenue would require a highway occupancy permit (record exhibit 29, pp. 127-129) which considers traffic ingress and egress.

Mr. Ronald King, a planner for the City of Scranton, called by appellant confirmed that the project issue is an extension of the principal use of a restaurant and not an accessory use. (See record exhibit 30, pp. 23-24.)

Mr. King further testified that appellant was doing more than putting up columns over a concrete slab. The plans included putting up columns, putting up trusses, installing an acoustical ceiling and installing lighting in the area, all of which would result in an improvement to the principal use of a restaurant such that 30 other individuals would be eating in that area requiring additional sewer modules. (Record exhibit 30, pp. 23-29.)

The bottom line is that the zoning hearing board clearly had substantial evidence of record to support their finding that this roofed patio area was a significant expansion of the appellant's principal use of a restaurant which would impact on the issues of public use, water management, sewer usage, parking, access to public highways and the like, all requiring the imposition of and review by Moosic Borough and its Subdivision and

Land Development Ordinance. This conclusion was supported by the appellant's own witness.

In addition, any intelligent reasonable reading of *Upper Southampton Township v. Upper Southampton Township Zoning Hearing Board, supra,* supports a factual situation where public issues of water run-off, parking, sewer usage and highway access would mandate imposition of the Borough of Moosic's Subdivision and Land Development Ordinance (SALDO) as well as that of the state's Municipal Planning Code. See 53 P.S. §10107 and 53 P.S. §10507.

Therefore, the Zoning Hearing Board of the Borough of Moosic's decision in denying the expansion permit at issue without the prerequisites of SALDO is both supported by substantial evidence and is fully supported by the law as set forth in *Upper Southampton Township v. Upper Southampton Township Zoning Hearing Board, supra.*

Ultimately, the zoning appeal of defendant/appellant Guiseppe Basile will be denied.

An appropriate order follows.

## ORDER

And now to wit, March 4, 2010, upon due consideration of the relevant, credible and probative evidence at the hearing of the defendant's/appellant's zoning appeal and the able argument of counsel and in accordance with the preceding memorandum, the zoning appeal by defendant/appellant Guiseppe Basile is denied and the decision of the Zoning Hearing Board of the Borough of Moosic dated June 11, 2009 in denying Mr. Basile's building permit is affirmed.