IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Genevieve Carlton, :
: No. 1628 C.D. 2015
Appellant : Submitted: May 12, 2016
:
v. :
:
Perkiomen Township Zoning :
Hearing Board :


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                           FILED: July 13, 2016


Genevieve Carlton (Objector) appeals the order of the Montgomery County Court of Common Pleas (trial court) affirming the Perkiomen Township (Township) Zoning Hearing Board's (Board) decision that granted a dimensional variance[1] to Jeremy Kashuba and Jacquelyn Alutis (Applicants) from the 100-foot

---

[1] Section 310-19 of the Township's Zoning Ordinance sets forth the standards and criteria required for the grant of a variance:

> A. Variance. The Board shall hear requests for variances where it is alleged that the provisions of the Zoning Ordinance inflict unnecessary hardship upon the applicant. The Board may grant a variance provided that all of the following findings are made:
>
> 1. That there are unique physical circumstances or conditions, including . . . exceptional topographical or other physical conditions and not the circumstances or conditions generally

**(Footnote continued on next page…)**

created by the provisions of the Zoning Ordinance in the neighborhood or district in which the property is located.

2. That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the Zoning Ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

3. That the unnecessary hardship has not been created by the applicant.

4. That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

5. That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation at issue.

\* \* \*

C. Burden of Proof.  For variances, the burden of proof shall be on the applicant to show by substantial evidence that all of the requirements of paragraph A of this Section 4.11 are met. . . . Anyone with standing to oppose an application shall have the burden of proof to demonstrate by substantial evidence that if approved the applicant would be injurious to the public health, safety, morals, or welfare or pose a threat to the community.

*See also* Section 910.2 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *added by* the Act of December 21, 1988, P.L. 1329, 53 P.S. §10910.2.

setback requirement of Section 310-97.B.(2) of the Township's Zoning Ordinance[2] for an agricultural building on their property. We quash.

In September 2011, Applicants purchased a 4.6-acre parcel at 443 Mayberry Road in the Township's R-1 Zoning District. The parcel adjoins Objector's 15-acre parcel at 455 Mayberry Road, and the two share a common driveway and a bridge over a creek. Open space is on the other side of Applicants' property.

Applicants began using the property as a farm shortly after its purchase.[3] The business operates under the name "Dark Star Alpacas, LLC," and has tax exempt status as a farm. Applicants are raising 7 chickens and want to add more. Applicants also want to operate an alpaca farm and become beekeepers. The existing barn was constructed in 2012 and is 20 feet by 40 feet. The barn is

---

[2] With respect to "[m]inimum lot area and setbacks for agricultural buildings, structures and uses," Section 310-97.B.(2) of the Township's Zoning Ordinance states that "[b]uilding setbacks shall be 100 feet from any property line."

[3] Under Section 310-95.B. of the Township's Zoning Ordinance, "[a]gricultural uses, buildings and structures" are permitted uses in the R-1 Zoning District. Section 310-5 defines "agriculture," in relevant part, as "including but not limited to nursery, horticulture and floriculture operations and animal and poultry husbandry." Section 310-5 defines "agricultural operation," in pertinent part, as "[a]n enterprise that is actively engaged in the commercial production and preparation of market of crops, livestock and livestock products . . . [and] includes an enterprise that implements changes in production practices and procedures or types of crops, livestock, livestock products or commodities produced consistent with practices and procedures that are normally engaged in by farmers or are consistent with technological development within the agricultural industry." Section 310-5 defines "farm operation," in relevant part, as "[a] premises which is used for the production of agricultural commodities in their unmanufactured state, such as raising livestock, and which shall include those activities which are customarily associated with such production." Finally, Section 310-5 of the Zoning Ordinance defines "agricultural building," in relevant part, as "[a] structure utilized to store farm implements or hay, feed, grain or other agricultural or horticultural products, or to house poultry, livestock or other farm animals."

presently used to store a tractor, but Applicants purchased 6 alpacas that are currently boarded elsewhere and want to house them in the barn. Applicants expect to have 20 alpacas in the future. The placement of the barn was dictated by the layout of the land, including a steep slope, the proximity of the road, and the floodplain.

In January 2013, Applicants filed an application with the Board seeking a declaration that they are engaged in an "agricultural operation" under the Township's Zoning Ordinance and a variance from the Section 310-97.B.(2) 100-foot setback requirement for their barn. At hearing, Objector voiced concerns about the nuisance caused by the raising of chickens and alpacas and the increased traffic on the common bridge and potential liability. *See* Supplemental Reproduced Record (S.R.R.) at 69b-73b.

In April 2013, the Board issued a decision in which it concluded that Applicants are engaged in an agricultural operation under the Zoning Ordinance. S.R.R. at 126b. The Board also concluded that the requested variance "will represent the minimum variance that will afford relief and represent the least modification possible to the regulations at issue;" "allow[ing] the barn to remain where it is will not change the character or adversely affect the [permitted use];" and "[t]he barn is located where it is because of the hardship inherent in the land caused by the floodplain and the contour of the Property." *Id.* As a result, the Board granted the variance and Objector appealed to the trial court. Ultimately, the trial court affirmed the Board's decision and Objector appealed to this Court.[4]

---

[4] In a land use appeal where the trial court does not take additional evidence, our review is limited to determining whether the Board abused its discretion or committed an error of law. *Tidd v. Lower Saucon Township Zoning Hearing Board*, 118 A.3d 1, 7 n.4 (Pa. Cmwlth. 2015).

However, as a preliminary matter, Applicants have filed a motion to quash the instant appeal on the ground that Objector conveyed her adjoining property before this appeal was submitted to a panel of judges for disposition and no longer has standing to prosecute this appeal. Objector filed an answer to Applicants' motion raising a number of factual averments regarding the circumstances surrounding the sale of the property, but admitting that she did, in fact, convey her interest in the property before the appeal was submitted to the panel of this Court.

As this Court has explained:

> The owner of property that is adjacent to or abuts the property at issue is "aggrieved" and has standing to appeal a board decision. *Laughman v. Zoning Hearing Board of Newberry Township*, 964 A.2d 19, 22–23 (Pa. Cmwlth. 2009); *Orie v. Zoning Hearing Board of Borough of Beaver*, 767 A.2d 623, 625 (Pa. Cmwlth. 2001). To maintain standing, the landowner must continue to possess an interest in the property supporting his standing throughout the appeal process; otherwise, the appeal must be quashed. *Sunnyside Up Corporation v. City of Lancaster Zoning Hearing Board*, 739 A.2d 644, 649 (Pa. Cmwlth. 1999), *appeal denied*, [758 A.2d 666 (Pa. 2000)]. *See also Hertzberg v. Zoning Board of Adjustment of City of Pittsburgh*, [721 A.2d 43, 46 n. 6 (Pa. 1998)] (owner of adjoining property during appeals to the trial court and this Court was no longer "aggrieved" when the property was sold to another party during pendency of an appeal to the Supreme Court).

*Bradley v. Zoning Hearing Board of the Borough of New Milford*, 63 A.3d 488, 491 (Pa. Cmwlth.), *appeal denied*, 75 A.3d 1282 (Pa. 2013).

As a result, the instant appeal will be quashed because Objector failed to maintain standing throughout its pendency. *Bradley*. *See also Sunnyside Up Corporation*, 739 A.2d at 649 ("In the present case, when Sunnyside Up

5

Corporation's equity interest in the adjoining property, the only basis for its standing, expired, it no longer was an 'aggrieved party' to the action and, consequently, no longer has standing to maintain this appeal and its appeal must be quashed.").

Accordingly, the appeal is quashed.


_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Genevieve Carlton,  :
                             : No. 1628 C.D. 2015
            Appellant   :
                             :
          v.                :
                             :
Perkiomen Township Zoning  :
Hearing Board  :

## O R D E R

AND NOW, this 13<u>th</u> day of <u>July</u>, 2016, the above-captioned appeal is QUASHED.

_____
MICHAEL H. WOJCIK, Judge