# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sandra Richman,      :
                     Appellant      :
                     :  No.  190 C.D. 2025
                     :
          v.         :
                     :  Submitted:  May 12, 2026
                     :
Upper Moreland Township Board of      :
Commissioners and BT Blair LLC      :


BEFORE:    HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                    **FILED:  June 11, 2026**

Sandra Richman (Appellant) appeals from the order of the Court of Common Pleas of Montgomery County (trial court), entered February 3, 2025, which denied Appellant's appeal from the decision of the Upper Moreland Township Board of Commissioners (Board) that granted two conditional use applications filed by BT Blair, LLC (Developer), for lack of standing.  After careful review, we affirm.

## I. BACKGROUND[1]

Developer filed two conditional use applications, which sought approval to build multi-family dwellings and accompanying amenities on an 11.85-acre parcel located in Willow Grove, Pennsylvania.[2]  Appellant also lives in Willow

---

[1] Unless otherwise stated, we base the background on the trial court's opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).  *See* Trial Ct. Pa.R.A.P. 1925(a) Op., 3/21/25.

[2] At the time, the property was comprised of three separate parcels.

Grove, approximately three-quarters of a mile from the subject property. At the public hearing concerning the applications, Appellant appeared on her own behalf, entering her name and address into the record, and the Board granted her party status.

Appellant asserted that her proximity to the property caused her to be affected by traffic patterns associated with the development's proposed access point. In support, Appellant offered her own sworn testimony, which largely reiterated information contained in the applications, including references to resident surveys, population growth, and generalized concerns regarding environmental impact, noise, and quality of life. Appellant did not object to the qualification of any witnesses as experts and conducted only limited cross-examination of Developer's traffic engineer. Her questioning broadly challenged the methodology and conclusions of the traffic impact analysis, but she did not present any substantive evidence demonstrating potential traffic impacts resulting from the proposed development.

On December 4, 2023, the Board voted to grant the conditional use applications. *See also* Mem. of L. in Opposition to [Developer's] Motion to Quash, attachment December 4, 2023 Tr. (from video); Ex. C, December 4, 2023 Meeting Minutes. On December 22, 2023, Appellant requested a copy of the Board's decision, which it provided by email. *See* Mem. of L. in Support of Motion to Quash Land Use Appeal, Ex. D. On January 19, 2024, Appellant appealed this decision to the trial court.

Developer filed a motion to quash Appellant's appeal, asserting that it was filed outside the 30-day appeal period and that Appellant lacked standing to appeal the decision. Appellant responded, asserting that her appeal was timely because she commenced her appeal within 30 days of receiving notice of the Board's decision, and that she has standing to appeal because she was granted party status at

2

the hearing before the Board. The trial court issued an order, denying the motion and allowing the matter to proceed. The trial court held a hearing, after which it denied Appellant's appeal on the basis that Appellant lacked standing.[3]

Appellant timely appealed to this Court. Appellant filed a court-ordered concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b)). The trial court issued a responsive opinion, suggesting that Appellant's Rule 1925(b) statement failed to comply with Rule 1925(b), resulting in waiver of all claims on appeal. Nevertheless, the trial court gleaned three issues from the 1925(b) statement: (1) the

---

[3] The trial court did not address the timeliness issue proffered by the Board. Nevertheless, we conclude that the appeal was timely. Section 908(10) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(10), relevantly provides that for "persons who have filed their name and address with the board . . . the board shall provide by mail or otherwise, brief notice of the decision or findings and a statement of the place at which the full decision or findings may be examined." Here, Appellant had entered her name and address into the record and was granted party status at the Board's hearing. Therefore, she was entitled to notice in accordance with Section 908(10).

The record does not establish that Appellant received the required notice, specifically, "a statement of the place at which the full decision or findings may be examined," until township representatives emailed her a copy of the decision on December 22, 2023. *See* Mem. of L. in Support of Motion to Quash Land Use Appeal, Ex. D. Indeed, the Board acknowledged that Appellant should have been provided with a copy of the signed decision by the township, and further indicated that, if she had not received it, a township representative copied on the email could provide her with a copy. *Id.* Although Appellant attended the December 4, 2023 hearing at which the Board orally voted to approve the applications, the Board did not otherwise provide notice of its final, written decision. The inclusion of a proposed decision in the Board's meeting packet does not satisfy the statutory notice requirement that the Board provide Appellant with a statement informing her where she can access the full decision. *See Pendle Hill v. Zoning Hr'g Bd. of Nether Providence Twp.*, 134 A.3d 1187, 1200-01 (Pa. Cmwlth. 2016) (stating that a "decision" is a final adjudication and order reduced to writing, and rejecting the argument that attendance at a hearing where an oral vote is announced constitutes sufficient notice under Section 908(10)); *Mihal v. Zoning Bd. of City of Hazleton*, 545 A.2d 1002 (Pa. Cmwlth. 1988) (permitting an otherwise untimely appeal where the board failed to provide notice of its final written decision); *Clemens v. Zoning Hr'g Bd. of Upper Gwynedd Twp.*, 281 A.2d 93 (Pa. Cmwlth. 1971) (finding timely an appeal filed 52 days after the date of the Board's decision where the record did not disclose any notice having been given to the appellant or their counsel).

trial court erred in determining that Appellant lacked standing, (2) the trial court erred in granting the conditional use application, and (3) the trial court judge failed to recuse himself from the case because he was impartial due to a relationship with the named partner of the firm representing the Board.

The trial court explained that Appellant lacked standing because she was not an "aggrieved" party, reasoning that standing to participate before the Board is broader than standing to appeal, and that Appellant raised only generalized concerns not unique to her or her property. The trial court further noted that Appellant's distance from the property exceeded that recognized in prior cases as sufficient to confer standing. Because it found Appellant lacked standing, the trial court did not reach the merits of Appellant's claims. Finally, the trial court concluded that the recusal issue was waived because it was raised for the first time on appeal and, in any event, lacked merit, as the court had disclosed the prior professional relationship on the record, and the parties expressed no objection before proceeding.

## II. ISSUES

Appellant presents three issues for our review.[4] First, Appellant asserts that the trial court erred in concluding that she lacked standing to appeal the Board's determination. *See* Pet'r's Br. at 27-34. Second, Appellant contends that the trial court erred because the trial court judge failed to recuse himself from the case or fully disclose information necessary to enable Appellant to make an informed

---

[4] We caution Appellant that her Rule 1925(b) statement risks waiver, because the 8-page, 24-paragraph statement includes non-concise and redundant issues, which can be seen as "circumvent[ing] the meaning and purpose of Rule 1925(b)" and precludes appellate review. *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007), *aff'd*, 977 A.2d 1170 (Pa. 2009). *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (recognizing that Superior Court opinions can offer persuasive authority).

decision as to whether she should request recusal.[5]  *See id.* at 35-45.  Finally, Appellant asserts that the trial court erred in failing to reach the merits of her case. *See id.* at 45-47.

### III. DISCUSSION[6]

Appellant contends that any challenge to her standing was waived because Developer failed to object to her request for party status at the hearing before the Board.  *See* Pet'r's Br. at 27-34.  This argument is unavailing.

Generally, to establish standing as an aggrieved party on appeal, a litigant must demonstrate a substantial, direct, and immediate interest in the matter. *See South Bethlehem Assocs., LP v. Zoning Hr'g Bd. of Bethlehem Twp.*, 294 A.3d 441, 445 (Pa. 2023).  A substantial interest requires a discernable adverse effect beyond the generalized concerns shared by all citizens.  *See Laughman v. Zoning Hr'g Bd. of Newberry Twp.*, 964 A.2d 19, 22 (Pa. Cmwlth. 2009).  A direct interest

---

[5] Appellant has raised this issue for the first time on appeal; therefore, it is waived.  *See* Pa.R.A.P. 302(a) (stating "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); *League of Women Voters of Pa. v. Pennsylvania*, 179 A.3d 1080, 1086 (Pa. 2018) (any party seeking recusal or disqualification must "raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred").

Absent waiver, the claim lacks merit.  The trial court conducted a telephone conference with all parties and their counsel, which was acknowledged on the record at the trial court hearing on January 23, 2025.  *See* Notes of Testimony (N.T.), 1/23/25, at 2-3.  At this phone conference and on the record, the judge disclosed that he had previously worked with Mr. Kilkenny, Esq., a named partner at the firm representing the Board.  *See id.*  The judge clarified that Mr. Kilkenny was not involved in this matter, explained the nature of their prior professional relationship, and affirmatively stated that he could remain fair and impartial.  *See id.*  The trial court invited any objections or concerns, and when none were raised, the parties agreed to proceed.  *See id.*

[6] Where the trial court takes no additional evidence in a conditional use matter, our review is limited to considering whether the Board erred as a matter of law or abused its discretion, which occurs when the Board's findings of fact are not supported by substantial evidence.  *See Williams Holding Grp., LLC v. Bd. of Supervisors of West Hanover Twp.*, 101 A.3d 1202, 1212 n.8 (Pa. Cmwlth. 2014).  As the finder of fact, it is the Board's responsibility to make credibility determinations and assess the weight to be assigned to the evidence.  *See Joseph v. North Whitehall Twp. Bd. of Supervisors*, 16 A.3d 1209, 1218 (Pa. Cmwlth. 2011).

requires that the challenged action cause harm to the party's interest, though not necessarily pecuniary harm. *See id.* Immediacy, in turn, demands more than a remote or speculative consequence and focuses on the causal connection between the challenged action and the asserted injury. *See id.* Thus, to be "aggrieved," a party must show that its interest is distinguishable from the interests common to the general public. *See id.*; *South Bethlehem Assocs., LP*, 294 A.3d at 445.

Importantly, "standing to appear before a local zoning board . . . is broader than aggrieved-person standing." *South Bethlehem Assocs., LP*, 294 A.3d at 445. Accordingly, "a party who appears before a zoning board may only appeal an adverse decision to court if that party has standing per this Court's traditional understanding of the concept." *Id.* at 448. Thus, Developer's failure to object to Appellant's participation before the Board does not waive a challenge to Appellant's standing on appeal before the courts. *See id.*

Whether a party is aggrieved may also turn on "close proximity" to the property at issue. *See Friends of Lackawanna v. Dunmore Borough Zoning Hr'g Bd.*, 186 A.3d 525, 532 (Pa. Cmwlth. 2018) ("An objector could have, by reason of proximity in location, sufficient interest to intervene in zoning litigation."). Property that is adjacent to or abuts the zoning area qualifies as close proximity. *See Laughman*, 964 A.2d at 22. Additionally, property within 400 to 600 feet of the challenged zoning district is within close proximity. *See Appeal of Hoover*, 608 A.2d 607 (Pa. Cmwlth. 1992). However, proximity alone is not necessarily dispositive; objectors located somewhat farther away may still establish standing where they demonstrate specific, direct impacts to their property. *See Friends of Lackawanna*, 186 A.3d at 534-35 (finding standing for objectors located approximately a quarter mile to a half-mile away based on evidence of rotting

6

garbage, dust, bird droppings, and truck traffic); *see also In re Broad Mountain Dev. Co., LLC*, 17 A.3d 434, 440 (Pa. Cmwlth. 2011) (objectors who owned property within a half mile of the windfarm at issue possessed standing because they presented sufficient evidence to establish that they would experience constant noise and potential dangers from ice throwing and shedding in freezing conditions); *but see Spahn v. Zoning Hr'g Bd. of Adjustment*, 977 A.2d 1132, 1152 (Pa. 2009) (holding that an objector who lived a block and a half away lacked standing because the asserted harms were no different from the generalized interests of the public).

Therefore, conversely, where an objector is not in close proximity and fails to demonstrate a particularized harm, standing is lacking. This Court has held that properties located one-half mile or more from the challenged zoning area are generally too remote and, therefore, lack a sufficient interest to intervene. *See Appeal of Farmland Indus., Inc.*, 531 A.2d 79 (Pa. Cmwlth. 1987); *Soc'y Created to Reduce Urban Blight (SCRUB) v. Zoning Hr'g Bd. of Adjustment of the City of Phila.*, 951 A.2d 398 (Pa. Cmwlth. 2008). Likewise, properties located two miles, nearly one mile, or eight-tenths of a mile away have been deemed insufficiently proximate absent evidence of a direct impact. *See Laughman*, 964 A.2d at 23 (finding that "[b]ecause these properties are not in close proximity to the subject property, without a showing of some sort of direct injury, he lacks standing").

Here, at the hearing, Appellant raised generalized concerns regarding traffic and noise,[7] environmental effects,[8] and population changes.[9]  *See* N.T., 10/2/23, at 106-10.  Appellant did not articulate any specific or particularized harm to her property; rather, her testimony consisted of broad assertions regarding concerns affecting the community at large.  *See id.*  Such generalized concerns are insufficient to establish a substantial, direct, and immediate interest.  *See South Bethlehem Assocs., LP*, 294 A.3d at 445; *Laughman*, 964 A.2d at 22; *Friends of Lackawanna*, 186 A.3d at 534-35.  Additionally, although Appellant appeared before the Board and was granted party status, she resides approximately three-quarters of a mile from the subject property.  *See* N.T., 10/2/23, at 6.  This distance exceeds that which courts have generally found sufficient to establish "close proximity," particularly in the absence of evidence of a direct, particularized impact.  *See Appeal*

---

[7] Appellant comments:

> When I moved in, in 2017, I rarely heard traffic noise.  Now, because of all the development near the turnpike, I hear traffic noise all the time.  The additional removal of these trees will further impact the noise buffering that wooded areas provide. . . . Two hundred and seventy-two units is going to impact the traffic. . . We have . . . noise pollution.

N.T., 10/2/23, at 107-09.

[8] Appellant states, "I know I'm not the only resident who sees wildlife running in the streets because they have nowhere else to go. . . . We are losing a forest area by improving [sic] this . . . development."  N.T., 10/2/23, at 107.

[9] Appellant comments:

> I wonder what is going to happen when our Township . . . have built these units all for the same demographic . . . the professionals who make good money, who have good jobs and don't have kids. . . . I don't see it ending well to have a development so dense that you have apartments in a narrow courtyard looking down at the dog park and hearing barking and nowhere for people to gather that's quiet and sound traveling to and from units. . . . I don't think this is going to be a good place to live once the newness wears off.

N.T., 10/2/23, at 109.

*of Farmland Indus., Inc.*, 531 A.2d 79; *Friends of Lackawanna*, 186 A.3d at 532-35; *In re Broad Mountain Dev. Co., LLC*, 17 A.3d at 440.

### IV. CONCLUSION

For these reasons, Appellant has failed to demonstrate that she is an aggrieved party with standing to pursue this appeal. *See South Bethlehem Assocs., LP*, 294 A.3d at 445; *Laughman*, 964 A.2d at 22. Accordingly, we affirm.[10]

_____
**LORI A. DUMAS, Judge**

_____
[10] In light of our disposition, we need not reach Appellant's arguments on the merits.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sandra Richman,             :
         Appellant        :
                      :    No. 190 C.D. 2025
         v.                :
                      :
Upper Moreland Township Board of    :
Commissioners and BT Blair LLC      :

## O R D E R

AND NOW, this 11th day of June, 2026, the order of the Court of Common Pleas of Montgomery County, entered February 3, 2025, is AFFIRMED.

 

**LORI A. DUMAS, Judge**